UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **YVONNE JORDAN AND RANDALL JORDAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**MERCK & CO., INC., ROCHE LABORATORIES INC., SMITHKLINE BEECHAM CORPORATION, GLAXOSMITHKLINE AND SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,**<br><br>Defendants. | Civil Case No. _1:08-cv- 5554_ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Yvonne Jordan and her husband Randall Jordan, through their undersigned attorneys, Solberg, Stewart, Miller & Tjon, Ltd., file this Complaint against the Defendants, Merck & Company, Inc., Roche Laboratories Inc., SmithKline Beecham Corporation, GlaxoSmithKline, and SmithKline Beecham Corporation d/b/a GlaxoSmithKline, and in support thereof allege as follows:

### I.
### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity exists between Plaintiffs and Defendants. Plaintiffs are residents of the State of Utah. Defendant Merck & Co., Inc. is incorporated and has its primary place of business in the State of New Jersey. Defendant Roche Laboratories, Inc. is incorporated in Delaware and has its primary place of business at 340 Kingsland Street, Nutley, NJ 07110. Defendants Smithkline Beecham

Corporation, GlaxoSmithKline, and SmithKline Beecham Corporation d/b/a GlaxoSmithKline are incorporated under the laws of Pennsylvania, with its principal place of business at 1 Franklin Plaza, Philadelphia, PA 19101. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

## II.
## PARTIES

2.    Plaintiff Yvonne Jordan was born February 4, 1948.  At all times relevant Plaintiff was a resident of the State of Utah. Plaintiff used FOSAMAX in 2001, and BONIVA from 2006 to 2007.

3.    Plaintiff Randall Jordan is the husband of Yvonne Jordan and, as a result of Yvonne's injuries has a loss of consortium claim which includes loss of society, comfort and companionship.  At all times relevant, Plaintiff Randall Jordan was a resident of the State of Utah.

4.    Merck is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey.  Merck's registered office is at 820 Bear Tavern Road, City of West Trenton, Mercer County, New Jersey.

5.    Roche Laboratories Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Delaware.  Their registered office is at 340 Kingsland Street, Nutley, NJ 07110.

6.    Smithkline Beecham Corporation, GlaxoSmithKline, and SmithKline Beecham Corporation d/b/a GlaxoSmithKline, are corporations organized and existing under the laws of the State of Pennsylvania, with their principal place of business and registered office is at 1 Franklin Plaza, Philadelphia, PA 19101.

7.    Defendants were at all relevant times authorized to conduct business in the States of Utah and New York.

8.    At all times relevant Defendants regularly transacted business in the States of Utah and New York and continues to do so.

9.    At all times relevant Defendants, through their agents, servants, employees and apparent agents, were the designers, manufacturers, marketers, distributors and sellers of FOSAMAX and BONIVA, two bisphosphonate drugs used primarily to mitigate or reverse the effects of osteoporosis.

10.    Defendants, either directly or through their agents, apparent agents, servants or employees, at all times relevant, sold and distributed FOSAMAX and BONIVA in the States of Utah and New York for the treatment or prevention of osteoporosis, Paget's Disease and other off-label uses.

11.    Defendants derive substantial revenue from pharmaceutical products used or consumed in the States of Utah and New York.

12.    Defendants expected, or should have expected, that their business activities could or would have consequences within the States of Utah and New York.

### III.
### SUMMARY OF THE CASE

13.    Defendants, either directly, or through their agents, apparent agents, servants or employees designed, manufactured, marketed, advertised, distributed and sold FOSAMAX and BONIVA for the treatment of osteoporosis, Paget's Disease, and other off-label uses.

14.    As a result of the defective nature of FOSAMAX and BONIVA, persons who were prescribed and ingested FOSAMAX and BONIVA, including Plaintiff Yvonne Jordan,

have suffered and may continue to suffer severe and permanent personal injuries to the jaw bone, including osteonecrosis of the jaw and other diagnoses of irreversible damage to the jaw.

15.    Defendants concealed their knowledge of FOSAMAX and BONIVA'S unreasonably dangerous risks from Plaintiff Yvonne Jordan, other consumers, and the medical community.

16.    Defendants failed to conduct adequate and sufficient post-marketing surveillance of FOSAMAX and BONIVA after they began marketing, advertising, distributing, and selling the drug.

17.    As a result of Defendants' actions and inactions, Plaintiff Yvonne Jordan was injured due to her ingestion of FOSAMAX and BONIVA, which has caused and will continue to cause Plaintiff's various injuries and damages.    Plaintiff accordingly seeks compensatory damages.

## IV.
## FACTUAL BACKGROUND

18.    At all relevant times Defendants were responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing and selling FOSAMAX and BONIVA.

19.    In September 1995, the United State Food and Drug Administration ("FDA") approved Merck's compound alendronate, which is marketed by Merck as FOSAMAX, for various uses, including the treatment of osteoporosis and Paget's Disease.

20.    In May 2003, the United States Food and Drug Administration ("FDA") approved Defendants' compound ibandronate, which is marketed by Defendants as BONIVA, for the treatment of osteoporosis, specifically in postmenopausal women.    In March 2005, the FDA approved a new formulation that allowed users of BONIVA to take the oral tablet just one time a

month.  This approval made BONIVA the first ever once-monthly oral treatment for a chronic disease.

21.    FOSAMAX and BONIVA fall within a class of drugs known as bisphosphonates. Bisphosphonates are used for treating bone conditions such as osteoporosis and Paget's Disease. Other drugs within this class such as Aredia and Zometa are also used as chemotherapy and as adjunct chemotherapy but are not indicated for use in non-cancerous conditions such as osteoporosis.

22.    There are two classes of bisphosphonates:  the N-containing (nitrogenous) and non-N-containing (non-nitrogenous) bisphosphonates.  The nitrogenous bisphosphonates include the following: pamidronate (Aredia); ibandronate (BONIVA); risedronate (Actonel); and alendronate (FOSAMAX).   The non-nitrogenous bisphosphonates include the following: etridonate (Didronel); clodronate (Bonefos and Loron); and tiludronate (Skelid).  Alendronate, like the others, contains a nitrogen atom, whereas etridonate, clodronate, and tiludronate do not. The PDR for FOSAMAX confirms that the molecule contains a nitrogen atom.

23.    Throughout the 1990s and 2000s, medical articles and studies appeared reporting the frequent and common occurrence of osteonecrosis of the jaw within the nitrogenous bisphosphonates used for chemotherapy.  As with its reported and acknowledged side effects concerning irritation, erosion, and inflammation of the upper gastrointestinal tract, Defendants knew or should have known that FOSAMAX and BONIVA, were nitrogenous bisphosphonates, shared a similar adverse event profiles to the other drugs within this specific subclass of bisphosphonates (i.e., those containing nitrogen).

24.    Defendants knew and/or should have known that bisphosphonates, including FOSAMAX and BONIVA, inhibit endothelial cell function.  Similarly, defendants knew or

5

should have known that bisphosphonates also inhibit vascularization of the affected area and induce ischemic changes specific to patients' mandibles (lower jaws) and maxillae (upper jaws) and that these ischemic changes appear to be cumulative in nature.

25.    Defendants also knew or should have known that these factors combine to create a compromised vascular supply in the affected area. As a result, a minor injury or disease can turn into a non-healing wound. That in turn can progress to widespread necrosis (bone death) and osteomyelitis (inflammation of bone marrow).

26.    Dentists are not being advised by state dental associations to refrain from using any invasive procedure (such as drilling a cavity) for any patient on FOSAMAX.

27.    Once the osteonecrosis begins and becomes symptomatic, it is very difficult to treat and is not reversible.

28.    Shortly after Defendants began selling FOSAMAX and BONIVA, reports of osteonecrosis of the jaw and other dental complications among users began surfacing, indicating that FOSAMAX and BONIVA shared the class effects of the other nitrogenous bisphosphonates. Despite this knowledge, Defendants failed to implement further study risk of osteonecrosis of the jaw relative to FOSAMAX and BONIVA. Rather than evaluating and verifying the safety of FOSAMAX and BONIVA with respect to osteonecrosis of the jaw, Defendants proposed further uses of FOSAMAX, such as FOSAMAX-D, and sought to extend the exclusivity period of FOSAMAX through 2018.

29.    Osteonecrosis of the jaw is a serious medical event and can result in severe disability and death.

30.    Since FOSAMAX and BONIVA were released, the FDA has received a number of reports osteonecrosis of the jaw among users of FOSAMAX and BONIVA.

31.    On August 25, 2004, the FDA posted its ODS (Office of Drug Safety) Post marketing Safety Review on bisphosphonates – specifically pamidronate (Aredia), zoledronic acid (Zometa), risedronate (Actonel), and alendronate (FOSAMAX).  This was an epidemiologic review of the FDA adverse events database conducted by the FDA's Division of Drug Risk Evaluation.

32.    As a result of the FDA Review, the FDA observed that the risk of osteonecrosis of the jaw was not confined to bisphosphonates used for chemotherapy.  The FDA's review indicated that the osteonecrosis of the jaw was a class effect which specifically extended to the oral bisphosphonate, FOSAMAX.

33.    As a result, the FDA recommended and stated that the labeling for FOSAMAX should be amended by Merck to specifically warn about the risk of osteonecrosis of the jaw. Merck has refused to accede to the FDA's request and, to this day, still does not warn of the risk of osteonecrosis of the jaw in its FOSAMAX labeling.

34.    Rather than warn patients, and despite knowledge known by Defendants about increased risk of osteonecrosis of the jaw in patients using FOSAMAX and BONIVA, Defendants continue to defend FOSAMAX and minimize unfavorable findings.

35.    FOSAMAX is one of Defendant's top selling drugs, averaging more than $3 billion a year in sales.

36.    Consumers, including Plaintiff Yvonne Jordan, who have used FOSAMAX and BONIVA for the treatment or prevention of osteoporosis, Paget's Disease and/or other off-label uses, have several alternative safer products available to treat their conditions.

7

37.     Defendants knew of the significant risk of dental and oral complications caused by ingestion of FOSAMAX and BONIVA, but Defendant did not adequately and sufficiently warn consumers, including Plaintiff Yvonne Jordan, or the medical community, of such risks.

38.     As a direct result, Plaintiff Yvonne Jordan was prescribed FOSAMAX and BONIVA and has been permanently and severely injured, having suffered serious consequences from the ingestion of FOSAMAX and BONIVA. Plaintiff Yvonne Jordan requires, and will in the future, require ongoing medical care and treatment.

39.     Plaintiff Yvonne Jordan has suffered from mental anguish from the knowledge that she will have life-long complications as a result of the injuries Plaintiff sustained from the use of FOSAMAX and BONIVA.

40.     Plaintiff Yvonne Jordan was prescribed and began taking FOSAMAX in 2001.

41.     Plaintiff Yvonne Jordan was prescribed and began taking BONIVA in 2006.

42.     Plaintiff Yvonne Jordan used FOSAMAX and BONIVA as prescribed and in a foreseeable manner.

43.     As a direct and proximate result of using FOSAMAX and BONIVA, Plaintiff Yvonne Jordan suffered severe personal injury to her jaw.

44.     Plaintiff, as a direct and proximate result of using FOSAMAX and BONIVA, suffered severe mental and physical pain and suffering and has sustained permanent injuries and emotional distress.

45.     Plaintiff used FOSAMAX and BONIVA which had been provided to her in a condition that was substantially the same as the condition in which it was manufactured and sold.

46.     Plaintiff would not have used FOSAMAX and BONIVA had Defendant properly disclosed the risks associated with the drug. Alternatively, Plaintiff would have known the

precursor events of osteonecrosis of the jaw and would have been able to avoid the clinical manifestation of the symptoms as they currently exist.

47.    Defendants, through their affirmative misrepresentations and omissions, actively concealed from Plaintiff and her physicians the true and significant risks associated with taking FOSAMAX and BONIVA.  The running of any applicable statute of limitations has been tolled by reason of Defendants' fraudulent concealment.

48.    As a result of Defendants' actions, Plaintiff and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposed to the risks identified in this Complaint, and that those risks were the direct and proximate result of Defendants' acts, omissions, and misrepresentations.

## V.
## COUNTS

### COUNT I:  NEGLIGENCE

49.    Plaintiffs re-allege the above paragraphs as if fully set forth herein.

50.    Defendants owed Plaintiff, Yvonne Jordan, and other consumers, a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX and BONIVA.

51.    Defendant failed to exercise due care under the circumstances and therefore breached this duty by:

a.    Failing to properly and thoroughly test FOSAMAX and BONIVA before releasing the drugs to market;

b.    Failing to properly and thoroughly analyze the data resulting from the pre-market tests of FOSAMAX and BONIVA;

c.      Failing to conduct sufficient post-market testing and surveillance of FOSAMAX and BONIVA;

d.      Designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX and BONIVA to consumers, including Plaintiff Yvonne Jordan, without an adequate warning of the significant and dangerous risks of FOSAMAX and BONIVA and without proper instructions to avoid the harm which could foreseeably occur as a result of using the drugs;

e.      Failing to exercise due care when advertising and promoting FOSAMAX and BONIVA; and

f.      Negligently continuing to manufacture, market, advertise, and distribute FOSAMAX and BONIVA after Defendants knew or should have known of their adverse effects.

52.    As a direct and proximate consequence of Defendants' actions, omissions, and misrepresentations, Plaintiff Yvonne Jordan sustained significant and permanent injury to her jaw. In addition, Plaintiff required and will continue to require healthcare and services. Plaintiff has incurred and will continue to incur medical and related expenses. Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of pre-existing conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

## COUNT II: STRICT LIABILITY

53.    Plaintiffs re-allege the above paragraphs as if fully set forth herein.

54.    Defendants manufactured, sold, distributed, marketed, and/or supplied FOSAMAX and BONIVA in a defective and unreasonably dangerous condition to consumers, including Plaintiff Yvonne Jordan.

55.    Defendants designed, manufactured, sold, distributed, supplied, marketed, and/or promoted FOSAMAX and BONIVA, which was expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

56.    Plaintiff Yvonne Jordan used FOSAMAX and BONIVA as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant.

57.    FOSAMAX and BONIVA failed to perform safely when used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner.

58.    FOSAMAX and BONIVA were defective in their design and were unreasonably dangerous in their unforeseeable risks exceeded the benefits associated with its design or formulation.

59.    FOSAMAX and BONIVA were defective in design or formulation in that they posed a greater likelihood of injury than other similar medications and were more dangerous than an ordinary consumer could reasonably foresee or anticipate.

60.    FOSAMAX and BONIVA were defective in their design and were unreasonably dangerous in that they neither bore nor were packaged with, nor accompanied by warnings

adequate to alert consumers, including Plaintiff Yvonne Jordan, of the risks described herein, including, but not limited to, the risk of osteonecrosis of the jaw.

61.     Although Defendants knew or should have known of the defective nature of FOSAMAX and BONIVA, they continued to design, manufacture, market, and sell FOSAMAX and BONIVA so as to maximize sales and profits at the expense of the public health and safety. By so acting, Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by FOSAMAX and BONIVA.

62.     Plaintiff could not, through the exercise of reasonable care, have discovered FOSAMAX and BONIVA's defective or perceived the dangers posed by the drug.

63.     As a direct and proximate consequence of Defendants' conduct, Plaintiff Yvonne Jordan sustained significant and permanent injury to her jaw.  In addition, Plaintiff required and will continue to require healthcare as a result of her injury.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

## COUNT III:  BREACH OF EXPRESS WARRANTY

64.     Plaintiffs re-allege the above paragraphs as if fully set forth herein.

65.     Defendants expressly represented to Plaintiff Yvonne Jordan, other consumers and the medical community that FOSAMAX and BONIVA were safe and fit for its intended

purposes, were of merchantable quality, did not produce any dangerous side effects, and have been adequately tested.

66.    FOSAMAX and BONIVA do not conform to Defendants' express representations because they are not safe, have numerous and serious side effects, and cause severe and permanent injuries.

67.    At all relevant times FOSAMAX and BONIVA did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

68.    Plaintiff Yvonne Jordan, other consumers, and the medical community relied upon Defendants' express warranties.

69.    As a direct and proximate result of Defendants' actions, Plaintiff Yvonne Jordan sustained serious significant and permanent injury to her jaw.  In addition, Plaintiff required and will continue to require healthcare and services as a result of her injury.  Plaintiff has incurred and will continue to incur medical and related expenses as a result of her injury.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of pre-existing conditions and activation of latent conditions, and other losses and damages, Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

## COUNT IV:  BREACH OF IMPLIED WARRANTY

70.    Plaintiffs re-allege the above paragraphs as if fully set forth herein.

71.    Defendants    manufactured,    distributed,    advertised,    promoted,    and    sold FOSAMAX and BONIVA.

72.    At all relevant times, Defendants knew of the use for which FOSAMAX and BONIVA were intended and impliedly warranted the products to be of merchantable quality and safe and fit for such use.

73.    Defendants were aware that consumers, including Plaintiff Yvonne Jordan, would use FOSAMAX and BONIVA for treatment or prevention of osteoporosis or Paget's Disease and for other off-label purposes.

74.    Plaintiff and the medical community reasonably relied upon the judgment and sensibility of Defendants to sell FOSAMAX and BONIVA only if they were indeed of merchantable quality and safe and fit for their intended use.

75.    Defendants breached its implied warranty to consumers, including Plaintiff; FOSAMAX and BONIVA were not of merchantable quality or safe and fit for their intended use.

76.    Consumers, including Plaintiff, and the medical community, reasonably relied upon Defendants' implied warranties for FOSAMAX and BONIVA.

77.    FOSAMAX and BONIVA reached consumers without substantial change in the condition in which they were manufactured and sold by Defendants.

78.    As a direct and proximate result of Defendants' action, Plaintiff Yvonne Jordan sustained significant and permanent injury to her jaw.  In addition, Plaintiff required and will continue to require healthcare and services as a result of her injury.  Plaintiff has incurred and will continue to incur medical and related expenses as a result of her injury.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of pre-existing conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications,

14

and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

## COUNT V: FRAUDULENT MISREPRESENTATION

79.    Plaintiffs re-allege the above paragraphs as if fully set forth herein.

80.    Defendants made fraudulent misrepresentations with respect to FOSAMAX and BONIVA in the following particulars:

      a.    Defendants represented through their labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX and BONIVA had been tested and found to be safe and effective for the treatment of osteoporosis and Paget's Disease; and

      b.    Defendants represented that FOSAMAX and BONIVA were safer than other alterative medications.

81.    Defendants knew that their representations were false, yet it willfully, wantonly, and recklessly disregarded their obligation to provide truthful representations regarding the safety and risk of FOSAMAX and BONIVA to consumers, including plaintiff, and the medical community.

82.    The representations were made by Defendants with the intent that doctors and patients, including Plaintiff, rely upon them.

83.    Defendants' representations were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of FOSAMAX and BONIVA.

84.    Plaintiff Yvonne Jordan, Plaintiff's doctors, and others relied upon the representations.

85.    Defendants' fraudulent representations evinced their callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

86.    As a direct and proximate result, Plaintiff Yvonne Jordan sustained significant and permanent injury to her jaw.  In addition, as a result of her injury, Plaintiff required and will continue to require healthcare and services, and has incurred and will continue to incur medical and related expenses.  Plaintiff also suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of pre-existing conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

## COUNT VI: FRAUDULENT CONCEALMENT

87.    Plaintiffs re-allege the above paragraphs as if fully set forth herein.

88.    Defendants fraudulently concealed information with respect to FOSAMAX and BONIVA in the following particulars:

   a.    Defendants represented through their labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX and BONIVA were safe and fraudulently withheld and concealed information about the substantial risks of using FOSAMAX and BONIVA; and

   b.    Defendants represented that FOSAMAX and BONIVA were safer than other alternative medications and fraudulently concealed information which demonstrated that FOSAMAX and BONIVA were not safer than alternatives available on the market.

16

89.    Defendants had sole access to material facts concerning the dangers and unreasonable risks associated with FOSAMAX and BONIVA.

90.    Defendants' concealment of information about the risks associated with taking FOSAMAX and BONIVA was intentional, and the representations made by Defendants were known by Defendants to be false.

91.    The concealment of information and the misrepresentations about FOSAMAX and BONIVA were made by Defendants with the intent that doctors and patients, including Plaintiff, rely upon them.

92.    Plaintiff Yvonne Jordan, Plaintiff's doctors, and others relied upon the representations and were unaware of the substantial dental and oral risks associated with taking FOSAMAX and BONIVA that Defendants had concealed from them.

93.    As a direct and proximate result of Defendants' fraudulent concealment and misrepresentations, Plaintiff Yvonne Jordan suffered significant and permanent injury to her jaw as well as severe and permanent injuries, including pain, mental and physical anguish and suffering, a diminished capacity for the enjoyment of life, aggravation of pre-existing conditions and activation of latent conditions, and a fear of developing other harmful conditions or problems as a result of the injury.  Plaintiff has suffered and will continue to suffer a loss of wages and wage-earning capacity and has incurred expenses for medical care and treatment due to the injuries caused by FOSAMAX and BONIVA.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, as follows:

1.    Economic and non-economic damages on each cause of action;

2.    Reasonable attorneys' fees where recoverable;

3.    Costs of this action; and

4.    Such other additional and further relief as the Court may deem necessary, appropriate and just.

## VII.
## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts and issues so triable.

**DATED** this 30th day of April, 2008.

SOLBERG STEWART MILLER & TJON

MIKE J. MILLER (ND #03419)
1129 Fifth Avenue South
P.O. Box 1897
Fargo, ND 58107-1897
Phone:  (701) 237-3166
Fax:  (701) 237-4627
Attorneys for Plaintiffs